UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHNNY HARLAN HARGROVE | : | DOCKET NO. 10-CV-0318 |
| VS. | : | JUDGE MINALDI |
| BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

For the reasons stated herein, plaintiff's motion to remand [doc. 27] is **DENIED**.

### *Facts and Procedural History*

This suit was originally brought on March 3, 2009, in the Fourteenth Judicial District Court, Calcasieu Parish, State of Louisiana.  Doc. 1, att. 7.  In the original complaint, plaintiff Johnny Harlan Hargrove named as defendants Bridgestone/Firestone, its insurers, and three executives, all citizens of the State of Louisiana for diversity purposes ("Louisiana Defendants").  *Id.*  On November 9, 2009, plaintiff amended his complaint [doc. 1, att. 10] to include sixteen additional defendants ("Diverse Defendants"), all non-citizens of the State of Louisiana for diversity purposes.  *See* docs. 2, 5, 7, 11, 15, 16, 18, 19, 22-24, 41.

Diverse Defendant Flint Hills sought removal of this suit on February 25, 2010, based on a ***belief*** that "the plaintiff compromised and released his claims against [Louisiana Defendants] prior to the filing of the [amended complaint] on November 19, 2009."  Doc. 1, p. 9.  The reasons for these "beliefs" were supplied in affidavits included with the removal notice.  In support defendant Flint Hills submitted an affidavit from attorney for Diverse Defendant Foot Hills Resources, LP, stating that, in a conversation with plaintiff's counsel, plaintiff's counsel

"represented that prior to the filing of the First Supplemental and Amending Petition, [Louisiana Defendants] had entered into an agreement to compromise and settle the claims asserted . . . ." Doc. 1, att. 3, p. 2.   Counsel for another Diverse Defendant also testified that a paralegal for plaintiff had informed her that plaintiff had "reached a settlement with [Louisiana Defendants] and dismissal documents had been executed . . . ." Doc. 1, att. 4, p. 1.

On March 16, 2010, Diverse Defendant Flint Hills received discovery responses that confirmed plaintiff had in fact settled with Louisiana Defendants on November 1, 2009.  Doc. 43, att. 1.   The settlement agreement mandated that plaintiff file for dismissal of Louisiana Defendants in state court within "ten (10) days of execution of this Agreement," which would have been December 3, 2009.  *Id.* at p. 10.   Plaintiff, however, obviously had not filed for dismissal in state court as required and Diverse Defendants had no definitive knowledge of settlement until receipt of those discovery responses on March 16, 2010.  *Id.* at p. 4.   At this point, the case had been pending in state court for one year and thirteen days.

On March 23, 2010, plaintiff filed a motion to remand claiming there was no basis for removal at the time Diverse Defendant's original notice was filed as Louisiana Defendants had not been dismissed.  Doc. 27, p.1.  On April 12, 2010, all defendants filed a joint opposition to the motion to remand.  Doc. 43.

 On April 15, 2010, in response to Plaintiff's March 16, 2010, discovery responses Diverse Defendants moved for leave to supplement their original notice of removal [doc. 1] to assert that jurisdiction did *in fact* exist at the time of removal, that it was no longer just a belief. Doc. 44.  This motion for leave was granted September 3, 2010, [doc. 51] and the supplemental notice was docketed that same day.  Doc. 52.

After examining the unique issues involved in this remand, this court issued an order

-2-

[doc. 55] requesting that the parties "provide additional briefing on the issue of whether the rule of unanimity as defined in *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254 (5th Cir. 1988) has been satisfied in this proceeding."  *Id.*  Plaintiff and defendants timely responded to the court's order.  Docs. 58, 59.

## *Law*

Section 1441 of Title 28, *United States Code*, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

A notice of removal must be filed within thirty days after receipt by defendant of an initial pleading; however,

> a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).  In any event when the basis of jurisdiction is diversity of citizenship a case may not be removed "more than one year after commencement of the action."  *Id*

So analysis of timeliness of removal in a diversity action requires two separate considerations:  (1) was the notice of removal filed within thirty days of the receipt of the initial pleading or, if not removable initially, within thirty days of receipt of the "other paper" from which defendant ascertained the matter became removable; and (2) was the notice of removal filed within one year of commencement of the action?

One final point pertinent to our consideration here is that § 1446(b) has been interpreted to require that ***all served*** defendants join in the removal petition within thirty days of ascertaining that the case has become removable.  *Getty*, 841 F.2d at 1262.  This is commonly referred to as the rule of unanimity.

There is no question that this suit was initially non-removable because diversity was lacking.  There is also no question that at this point diversity exists because all non-diverse defendants have been dismissed and new diverse defendants were added.   Plaintiff maintains however that remand is in order because non-diverse defendants named in the original complaint had not been dismissed before removal.  Plaintiff also maintains that the notice of removal was filed more than thirty days following filing of the amended complaint that named Diverse Defendants and therefore was not timely.  *See generally* Doc. 27, Att. 1.  Finally plaintiff argues that because suit was filed March 3, 2009, and because non-diverse defendants had not been dismissed at the time the original notice was filed, "[p]ursuant to 28§1466 (sic), this matter was pending for over a year and is not subject to removal."  Doc. 27, Att. 1, p. 3.

Defendants oppose the remand.  Doc. 43.  The burden of proof for establishing federal jurisdiction and avoiding remand is placed on defendants, the parties seeking removal and is to be construed narrowly and in favor of remand to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

## <u>Analysis</u>

**1.  Was Removal Proper Where Non-Diverse Defendants had Not Been Dismissed at Time of Removal?**

The mere presence of non-diverse defendants in this litigation at the time of removal does not render the removal improper.  The question is whether the non-diverse defendants were truly

"present" in this litigation; and the answer is that they were not.  Upon plaintiff's voluntary action in terminating his claims against the non-diverse defendants through compromise, those parties became nominal parties and presented no bar to this removal.

As noted earlier 28 U.S.C. § 1446(b) allows removal even when not removable originally once it is "ascertained that the case . . . has become removable . . . ;" however, that leave to remove has been jurisprudentially limited by development of the "voluntary-involuntary" rule. That rule holds that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir. 1967) (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898) and *Whitcomb v. Smithson*, 175 U.S. 635 (1900)).  For example, diverse defendants cannot remove a suit when non-diverse defendants have been dismissed pursuant to a directed verdict or a similar action by the court because that directed verdict is not voluntary or done by plaintiff.  *Weems*, 380 F.2d at 548; *see also Canova v. C.R.C., Inc. of La.*, 602 F.Supp. 817, 818 (M.D. La. 1985) (citing *Phillips v. Unijax*, 625 F.2d 54 (5th Cir. 1980)) (noting that "the Fifth Circuit has recently described *Weems* as reaffirming the 'voluntary-involuntary rule'").

When, as here, there is a voluntary action by the plaintiff, i.e. the execution of settlement documents showing no intention of proceeding against those particular defendants, the case becomes removable.[1]  *See e.g. Taco Tico of New Orleans, Inc. v. Argonaut Great Central Ins. Co.*, No.09-3502, 2009 WL 2160436, *2 (E.D. La. July 16, 2009) (quoting *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000)) ("Defendants who have settled are nominal parties who are 'no longer effectively a party to the case.'"); *Green v. City Services Refinery*, No. 06-330, 2007 WL 2008526, *3 (W.D. La. Feb. 22, 2007) ("Had Plaintiffs filed a

---

[1] *Weems* itself actually recognized settlement as a voluntary act triggering removability.  *See Weems*, 380 F.2d at 546 (noting that the "danger" that the rule seeks to alleviate "does not arise where a plaintiff voluntarily drops a resident defendant . . .").

motion to voluntarily dismiss *all* of the non-diverse defendants, there would be little dispute that the 'voluntary act' element of the voluntary-involuntary rule would be satisfied."); *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 599 (M.D. La. 1983) (citing *Kilpatrick v. The Arrow Co.,* 425 F.Supp. 1378 (W.D. La. 1977)) ("Settlement by plaintiff with all non-diverse defendants has been held to render the case removable."); *Hammons v. Ohio Cas. Ins. Co.,* No. 09-30-KSF, 2009 WL 997098 (E.D. Ky. Apr. 14, 2009) (same).

Plaintiff argues that because "the dismissal of [Louisiana Defendants] was not filed with [the State court] at the time of the removal notice," the suit was not removable on February 25, 2010, the date the notice was filed.  Doc. 27, att. 1, p. 3.     However, the fact that the judgment of dismissal had not been signed by the State court is of no consequence – what matters is that there was an "expression of the intent by plaintiff which makes the case removable."  *Erdey*, 96 F.R.D. at 599; *see also Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328 (D.S.C. 1979); *Southern Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir. 1942), *cert. denied* 317 U.S. 676 (1942).

What constitutes an "expression of the intent" is an issue of state law.  *Martineau v. ARCO Chemical Co*., 25 F.Supp.2d 762, 765 (S.D. Tex. 1998) (citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir.1995), *abrogated in part on other grounds by Estate of Martineau*, 203 F.3d 904).  In Louisiana consideration of whether a valid compromise exists is a two-step process.  *See e.g. Lege v. Wal-Mart Louisiana LLC*, No. 07-1694, 2009 WL 5195949, *3 (W.D. La. Dec. 30, 2009); *American Century Cas. Co. v. Sale*, No. 45,560-CA, 2010 WL 3665847, *3 (La. App. Ct. Sept. 22, 2010).  Article 3071 of the *Louisiana Civil Code* provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal

relationship." Louisiana courts have interpreted this Article as requiring "(1) mutual intention of preventing or putting an end to litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Hancock Bank of Louisiana v. Holmes*, 40 So.3d 1131, 1134 (La. App. Ct. 2010).

Plaintiff's express, written agreement to accept a sum certain to terminate litigation against the non-diverse defendants and those defendants' agreement to pay that sum constitutes a compromise as defined by Louisiana law. *See* doc. 43, att. 1, p. 5-13. Money was distributed on November 11, 2009, "in consideration of settlement . . . ." Doc. 43, att. 1, p. 4.

For the foregoing reasons, the court finds that the settlement of November 23, 2009, was a valid, enforceable compromise pursuant to LA. CIV. CODE arts. 3071 and 3072. This suffices as an "expression of intent" under Louisiana Law. That expression of intent constituted a voluntary action that made this previously non-removable case removable as it made the non-diverse defendants nominal parties whose presence in the lawsuit could be ignored.

## 2. Was Removal Timely?

### a.  The Thirty-Day Rule

Plaintiff next argues the notice of removal was untimely as it was filed more than thirty days following filing of the amended complaint that named Diverse Defendants. *See* Doc. 27, Att. 1, p. 2.

As noted earlier 28 U.S.C. § 1446(b) requires notice of removal be filed within thirty days of the initial pleading or thirty days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." The date relied upon by plaintiff to claim untimeliness is November 9, 2009, the date the amended pleading was filed naming Diverse

Defendants.  That amended pleading was neither the initial pleading nor one from which it was ascertainable that the action was removable.  At the time of the amended complaint the Louisiana defendants remained in the suit and Diverse Defendants were unaware that the claims against Louisiana defendants already had been or were soon to be compromised.

Here Diverse Defendants actually removed *before* receipt of the "other paper" from which they were able to ascertain that the case was one which was removable, the "other paper" being the discovery responses received March 16, 2010.  It is clear from the original Notice of Removal that Diverse Defendants removed as a precaution as they understood "[o]n information and belief . . . plaintiff compromised and released his claims against" Louisiana defendants.  Doc. 1, p. 9.  Diverse Defendants had yet at that point to receive any "other paper" that would establish definitively that the matter was removable.

This court does have an independent obligation to examine the basis of its jurisdiction, it being a court of limited jurisdiction.  *Save the Bay, Inc., v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).  A consideration of whether a Notice of Removal filed *before* receipt of the "other paper" would be effective is a consideration that may be saved for another day insofar as Diverse Defendants supplemented their original notice on April 15, 2010, less than thirty days after receipt of the "other paper" establishing removability.  Accordingly the removal was timely under paragraph two of 28 U.S.C. § 1446(b).

b.  The One Year Rule

Plaintiff also argues that "[p]ursuant to 28§1446 (sic), this matter was pending for over a year and is not subject to removal."  Doc. 27, Att. 1, p. 3.  This is an attempt by plaintiff to invoke the one-year limitation also found in paragraph two of 28 U.S.C. § 1446(b) which states "a case may not be removed on the basis of [diversity of citizenship jurisdiction] more than 1

year after commencement of the action."

The action commenced in state court March 3, 2009, and was removed February 25, 2010, less than one year after commencement of the action.  Plaintiff has never argued that the February 25, 2010, removal was defective because it was filed ***before*** receipt of the "other paper" from which removability became discernible.  Again, any obligation of this court to consider independently whether that notice was effective (since plaintiff did not urge this issue himself) is obviated by Diverse Defendants' supplemental notice filed April 15, 2010, within thirty days of the receipt of the "other paper."

April 15, 2010, the date of the supplemental notice, is indeed more than one year after this matter was commenced in state court.  This fact does not end the inquiry, however, insofar as plaintiff's argument of untimeliness fails to recognize the well-recognized equitable exception to that one year limitation.

In *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, (5th Cir. 2003), the court addressed whether the § 1446(b) one year limit on removal was absolute or subject to equitable exception and it found the latter.  The court concluded that conduct of the parties may affect whether it is equitable to strictly apply the one year limitation on removal.  Under circumstances indicating that a plaintiff has attempted to manipulate statutory rules for determining federal removal, thereby preventing the defendant from exercising its rights, equity may require that the one year limit in § 1446(b) be extended.  *See Tedford*, 327 F.3d at 427 (finding that a plaintiff's "forum manipulation justifies application of an equitable exception in the form of estoppel").[2]

---

[2] *Tedford* relied in part on *Morrison v. National Ben. Life Ins. Co.*, 889 F.Supp. 945 (S.D. Miss. 1995), a case with a very similar fact pattern as here.  *See Tedford*, 327 F.3d at 426, n.4 (citing *Morrison*).  In *Morrison*, the plaintiffs concealed the amount of damages sought.  *Id.* at  949.  One year and seven days after the action was commenced plaintiffs filed a motion to amend their complaints to request an amount considerably more than the jurisdictional limit. *Id.* at 947.  The defendants removed and the plaintiff filed a motion to remand based on the untimeliness of the removal notice.  *Id.*  Noting the deceitfulness of the plaintiffs' actions, the district court concluded that "the cases at bar cry out for a denial of Plaintiffs' Motion to Remand, because of their obvious attempt to manipulate the forum."

Here, plaintiff settled with the Louisiana Defendants on November 1, 2009.  Doc. 43, att. 1, p. 3.  Settlement funds were disbursed on November 11, 2009.  Doc. 43, att. 1, p. 4.  The settlement agreement mandated that plaintiff file for dismissal of Louisiana Defendants in state court within ten days, or on December 3, 2009.  *Id.* at p. 10.  Plaintiff, however, did not file for dismissal in state court or otherwise notify Diverse Defendants that he had settled with the others.  Diverse Defendants received no definitive proof of that settlement until they sought it in discovery and then received the settlement agreement in response to that discovery on March 16, 2010.  *Id.* at p. 4.

We can find no plausible explanation for plaintiff's failure to dismiss the Louisiana Defendants as required by their agreement or to formally notify the Diverse Defendants of settlement.  We can only conclude that plaintiff intentionally withheld this information from the Diverse Defendants in order to deceive them into believing there was no diversity thereby manipulating statutory rules for determining federal removal, thereby preventing the Louisiana Defendants from exercising their right to remove.

The Fifth Circuit in *Tedford* also considered important the defendant's vigilance in seeking removal in determining whether to apply equitable tolling of the one-year removal limitation.  The court noted "the defendants have vigilantly sought [to remove] . . . [e]ach time it became apparent that the right to remove existed, [defendant] sought to exercise that right." *Tedford*, 327 F.3d at 428.

Here Diverse Defendants were vigilant in seeking removal as best evidenced by their premature removal, based merely upon a belief and nothing else, an action obviously taken to attempt to avoid the one-year removal limitation.  Diverse Defendants have satisfied this second prong of the *Tedford* equitable tolling proviso.

---

*Id.* at 951.

Equity most certainly calls for a tolling of that limitation under these circumstances.  Our failure to equitably toll here would publish a most unacceptable blueprint for plaintiffs to deprive defendants of their right to remove under otherwise appropriate circumstances.  For these reasons, this court exercises its equitable power to extend the limitation of 28 U.S.C. § 1446(b). *See also Nelson v. Rite Aid Corp.*, No. 05-0173, 2006 WL 2474005, at *3 (S.D. Miss. 2006) ("*Tedford* protection is implicated where plaintiffs are vague in pleading damages and non-responsive in answering jurisdiction-related discovery."); *Shiver v. Sprintcom, Inc.*, 167 F.Supp.2d 962 (S.D. Tex. 2001) (tolling § 1446(b) for similar reasons as in the instant case); *Kinabrew v. Emco-Wheaton, Inc.,* 936 F.Supp. 351 (M.D. La. 1996) (denying a motion to remand where plaintiff intentionally delayed service of process until the one-year period had expired).

### 3.   Was There Unanimity of Consent Among Removing Defendants?

Plaintiff mentions the requirement of unanimous consent of properly served defendants for proper removal in his memorandum in support of his Motion to Remand, but never argues that such unanimity was lacking.  Nevertheless we once again recognize our independent obligation to examine the basis of our jurisdiction and have reviewed the record to determine whether such unanimity exists.

"There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement, which is known as the 'rule of unanimity.'"[3] *Spillers v. Tillman*, 959 F.Supp. 364, 368 (S.D. Miss. 1997).  Under the "rule of unanimity," all properly served defendants must timely join in or consent to the removal.  *Doe*, 969 F.2d at 167.  In *Getty Oil Corp. v. Ins. Co. of N. America*, *supra,* the Fifth Circuit held this

---

[3] This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case.  The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively to remove the case.  *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992).

rule requires that, pursuant to the first paragraph of § 1446(b), "since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days" after § 1446(b) is triggered.  841 F.2d at 1262-63; *see also White v. White*, 32 F.Supp.2d 890, 892-93 (W.D. La. 1998) ("All served defendants must join in the removal, and since the notice of removal must be filed within thirty days of service on the first defendant, all served defendants must join in the removal no later than thirty days from the day on which the first defendant is served.").  This consent must be in writing, because "[o]therwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty*, 841 F.2d at 1262 n.11.  "[F]ailure to adequately reflect the consent of all defendants in a removal notice is a defect not curable by amendment and requiring remand." *Aucoin v. Gulf South Pipeline Co., L.P.*, No. 4-824, 2004 WL 1196980, at \*2 (E.D. La. May 26, 2004); *but see Glover v. W.R. Grace & Co., Inc.*, 773 F.Supp. 964 (E.D. Tex. 1991) (allowing removal where one party's consent was four days late).

The Fifth Circuit also "follows the 'first served defendant rule' in civil actions involving multiple defendants." *Rodriguez v. National Railroad Passenger Corp.*, 483 F.Supp.2d 553, 558 (W.D. Tex. 2007).  Under this rule, the thirty-day time limit begins to run when § 1446(b) is triggered as to the first defendant (as opposed to waiting to run for each defendant when that defendant has been served). *Id.*

Defendant Flint Hills[4] was the first defendant to receive the "other paper" evidencing removability (the responses to discovery) on March 16, 2010.  According to the record all properly served defendants consented and the last of them consented March 31, 2010.[5]  Doc. 35.

---

[4] Defendant Flint Hills was voluntarily dismissed on May 11, 2010.  Doc. 50.
[5] Defendant Petro Tex Chemical Corporation was dissolved on February 22, 2010.  Doc. 20.  The court record contains no return of service on Texaco, Inc.  *See* doc. 1, p. 7; doc. 1, att. 5, p. 6.  Bridgestone Firestone North American Tire L.L.C.; Lloyds of London; John C. Perrodin; C.R. McBride; Willard J. Drounette; and Travelers

Accordingly we find that the rule of unanimity has been satisfied.

## *Conclusion*

For reasons stated this court finds that this suit was properly removed.  Accordingly, plaintiff's motion to remand [doc. 27] is **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on March 2, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

Casualty & Surety Co. f/k/a Aetna Casualty & Surety Co. were released and dismissed on November 23, 2009. Doc. 43, att.1, p. 5.  CNA Holdings L.L.C. f/k/a CNA Holdings, Inc.; Mitsubishi International Corp.; Pharmacia Corp. f/k/a Monsanto Co.; and Dow Chemical Co. consented to removal on February 26, 2010.  Docs. 4, 8-10. Chevron USA, Inc.; Exxon Mobil Corp.; Mobil Chemical Co., Inc.; Huntsman Advanced Materials L.L.C. f/k/a Huntsman Polymers Corp.; and P.P.G. Industries, Inc. consented to removal on March 1, 2010.  Docs. 13, 14.  Shell Oil Co. and Texas Butylene Chemical Corp. consented to removal on March 2, 2010.  Doc. 17.  B.P. Corp. North America consented to removal on March 29, 2010.  Doc. 34.  Mitsui & Co. (USA), Inc. consented to removal on March 31, 2010.  Doc. 35.